IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Frost, Jr.,  #301382, | ) | C/A No. 5:11-2520-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Dept. of Correction, | ) | |
| Director Bill Byers, Levern Cohen, | ) | |
| Warden, Ms. Montouth, I.G.C., | ) | |
| Captain Best, in their individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's motions for status conference and appointment of a special master, ECF Nos. 22, 23, and Defendant's motion for a protective order.  ECF No. 34.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed pursuant to 42 U.S.C. § 1983.

**Plaintiff's Motion for Status Conference (ECF No. 22):**

On November 28, 2011, Plaintiff filed a motion for status conference, which Defendants oppose. ECF Nos. 22, 24. Plaintiff also submitted a reply in support of his motion. ECF No. 29.

Plaintiff seeks a status conference pursuant to the provisions of Federal Rule of Civil Procedure 26(f). While Rule 26(f)(1) requires parties to confer in many situations, cases such as this one are exempted from the Rule's requirement of a preliminary scheduling conference. Fed. R. Civ. P. 26(f)(1) (exempting those actions not required to provide certain initial disclosures pursuant to Rule 26(a)(1) from the requirement of conducting a preliminary scheduling

conference); *see* Fed. R. Civ. P. 26(a)(1)(B)(iv). (exempting from initial disclosure requirements those actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.").

Further, the court finds that, at this juncture, a conference is unnecessary. Plaintiff's motion for a conference meeting of parties, ECF No. 22, is denied.

**Plaintiff's Motion for Appointment of Special Master (ECF No. 23):**

On November 28, 2011, Plaintiff filed a motion for appointment of a special master, ECF No. 23, which Defendants oppose. ECF No. 28.

Plaintiff asks the court to appoint a special master pursuant to Federal Rule of Civil Procedure 53(a) to "investigate, and file a report and recommendation on the efficiency of South Carolina Department of Corrections Inmate Grievance Process." ECF No. 23 at 1.

Rule 53 states, in pertinent part:

(1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:

(A) perform duties consented to by the parties;

(B) hold trial proceedings and make or recommend findings of fact on issues
    to be decided without a jury if appointment is warranted by:

      (i)     some exceptional condition; or

      (ii)    the need to perform an accounting or resolve a difficult
                computation of damages; or

(C) address pretrial and posttrial matters that cannot be effectively and timely
    addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1).

The court finds appointment of a special master is not appropriate in this matter as none of the reasons for appointing such a special master are applicable to Plaintiff's request. Defendants do not consent to the appointment of a master for any purpose (ECF No. 28 at 2),

making Rule (1)(A) inapplicable here. Because Plaintiff has requested a jury trial, Rule (1)(B) is inapplicable, as well. Further, the court finds that a special master's consideration of the issue proposed by Plaintiff in his motion is not a pre- or posttrial matter that cannot effectively and timely be addressed by an available judge. Accordingly, Rule (1)(C) is also inapplicable.

Plaintiff's motion for appointment of a special master (ECF No. 23) is denied.

**Defendants' Motion for a Protective Order (ECF No. 34)**:

Defendants have asked for protection from discovery from Plaintiff. ECF No. 34. Defendants indicate Plaintiff served numerous interrogatories and requests for production on them. *Id.* at 1-2. As Defendants explain, they filed a motion for summary judgment on December 16, 2011, in which, among other things, they raise the defense of qualified immunity. ECF No. 31. Accordingly, they seek protection from being required to respond to Plaintiff's discovery requests prior to disposition of their summary judgment motion.

Because Defendants raise the defense of qualified immunity, they are entitled to protection from discovery pending a disposition of their summary judgment motion. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n.2 (1987) (further internal quotation marks omitted)); *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1986) (stating qualified immunity questions should be resolved before discovery).

Defendants' motion for a protective order is granted. Defendants are not required to respond to Plaintiff's pending discovery requests, nor will they be required to respond to any further requests at any time prior to disposition of their pending motion for summary judgment.

**CONCLUSION:**

Based on the foregoing, the Plaintiff's motion for a status conference, ECF No. 22, and motion for the appointment of a special master, ECF No. 23, are denied.  Defendants' motion for a protective order, ECF No. 34, is granted.

IT IS SO ORDERED.

March 9, 2012                                        Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge