IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Frost, Jr., #301382, | ) C/A No. 5:11-2520-JFA-KDW |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| South Carolina Dept. of Correction, Director Bill Byers, Levern Cohen, Warden, Ms. Montouth, I.G.C., Captain Best, in their individual and official capacity, | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this action alleging "infringement upon religious freedom, discrimination, violation of due process, and deprivation of equal protection of the law." ECF No. 1 at 2 (additional punctuation omitted). This matter is before the court on the Motion for Summary Judgment filed by Defendants on December 16, 2011, as well as Plaintiff's Motion for Summary Judgment and/or Stay Pending Discovery, which he filed on January 10, 2012. ECF Nos. 31, 42. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on December 19, 2011, advising Plaintiff of the importance of motions for summary judgment and of the need for him to file an adequate response to Defendants' Motion for Summary Judgment. ECF No. 32. Plaintiff responded to Defendants' Motion on January 10, 2012; Defendants responded to Plaintiff's Motion for Summary Judgment on January 17, 2012; and Plaintiff filed a reply on January 26, 2012, making these motions ripe for consideration. ECF Nos. 47,[2] 44, 46. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires that the court provide explanation of dismissal/summary judgment procedures to pro se litigants.
[2] Docket entry 47 was entered on February 3, 2012, with a filing date of January 10, 2012, hence it is out of number order on the docket sheet.

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because these motions are dispositive, a Report and Recommendation is entered for the court's review.

I. Defendants' Motion for Summary Judgment

Plaintiff filed his original Complaint on September 21, 2011. ECF No. 1. In an October 19, 2011 Order, the court ordered that the United States Marshal Service serve Plaintiff's summonses and his original Complaint on Defendants. ECF No. 7. On October 26, 2011, Plaintiff filed a document entitled "Plaintiff's Motion to Amend Complaint." ECF No. 12. In a November 3, 2011 Order, the court noted that Plaintiff had filed his "Motion to Amend Complaint" within seven days after service of the original Complaint was directed and that his Motion to Amend was "correctly filed as an Amended Complaint[]" pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 15. The November 3, 2011 Order further ordered the Clerk of Court to append the original Complaint, ECF No. 1, to the Amended Complaint, ECF No. 12, "[i]n order to preserve issues raised in this case and give liberal construction to the pleadings[.]" ECF No. 15. Defendants were ordered to respond to the Amended Complaint by filing answers or otherwise pleading. *Id.* Further, Defendants were advised that they were to file any dispositive motion(s) within 45 days of filing their answer(s). *Id.*

On November 9, 2011, all Defendants[3] filed an Answer in which they responded to allegations in Plaintiff's Complaint and Amended Complaint. ECF No. 18. On November 23, 2011, Defendants filed an Amended Answer, in which they appear to respond only to allegations in Plaintiff's original Complaint. ECF No. 21. On December 16, 2011, Defendants filed their Motion for Summary Judgment, ECF No. 31, in which they seek dismissal of all claims in

---

[3] All Defendants are represented by the same counsel.

Plaintiff's original Complaint. *See* Defs.' Mem. Supp. Mot. Summ. J., ECF No. 31-1 at 1 (referencing Pl.'s Sept. 21, 2011 (original) Compl.). They do not reference Plaintiff's Amended Complaint.

In responding to Defendants' Motion, Plaintiff argues that it should be denied, ECF No. 46, pointing out that the court filed his Amended Complaint, in which he "envoked" the Religious Land Use Institutionalized Person Act ("RLUIPA") and the Religious Freedom Protection Act ("RFRA"), as well as his First Amendment right to religious freedom, *id.* at 2. Plaintiff apparently is arguing that Defendants did not properly characterize his claims because they did not discuss those statutory claims in their Motion. Defendants did not file a memorandum in reply to Plaintiff's response. However, in their Response in Opposition to Plaintiff's Motion for Summary Judgment,[4] Defendants indicate that the court has not yet ruled on Plaintiff's Motion to Amend. ECF No. 44 at 1-2.

As set out above, Defendants are mistaken in their assertion that the court has not ruled on Plaintiff's Motion to Amend Complaint. Because Defendants' pending Motion for Summary Judgment addresses the wrong pleading, the undersigned recommends Defendants' Motion, ECF No. 31, be denied without prejudice and with leave to refile.

II. Plaintiff's Motion for Summary Judgment

On January 10, 2012, Plaintiff filed a Motion for Summary Judgment and/or Stay Pending Discovery, ECF No. 42. In response, Defendants submit that Plaintiff's Motion should be denied based on the reasons detailed in their Motion for Summary Judgment. ECF No. 44. Defendants further indicate their belief that the court has not ruled on Plaintiff's Motion to Amend Complaint and argue that the court should not consider discussion of RLUIPA or RFRA claims.

---

[4] Plaintiff filed his own Motion for Summary Judgment, as well, ECF No. 42, which is discussed separately within.

*Id.* at 1-2. Plaintiff filed a Reply in which he reiterates that the court has permitted his Amended Complaint. ECF No. 46.

Having reviewed the substance of Plaintiff's Motion, the court finds he has not raised independent grounds for summary judgment. Rather, Plaintiff generally argues that he is entitled to pursue his RLUIPA and RFRA claims and essentially argues the opposite of what Defendants argued in their Motion for Summary Judgment. *See* ECF No. 42-1. Because the issues have not been fully briefed, and in the interest of judicial economy, the undersigned recommends Plaintiff's Motion for Summary Judgment, ECF No. 42, be denied without prejudice.

III. Additional Matters

Should the district court adopt the recommendations that the pending motions for summary judgment be denied without prejudice, the undersigned recommends that the parties be ordered to file any further dispositive motions within 30 days of the district court's order on the pending motions. Further, in a March 9, 2012 Order, the undersigned granted Defendants' Motion for Protective Order, finding that Defendants were not required to respond to Plaintiff's pending or any future discovery requests prior to the court's disposition of Defendants' Motion for Summary Judgment. ECF No. 50 at 3-4. The protective order was granted because the court found it appropriate that Defendants' defense of qualified immunity be considered prior to permitting discovery. *Id.* at 3. Because no substantive ruling has been issued on Defendants' claim of qualified immunity, the undersigned recommends this protection from discovery continue until the court issues a substantive ruling on their defense of qualified immunity or until the court otherwise orders.

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 31, and Plaintiff's Motion for Summary Judgment and/or to Stay Pending Discovery, ECF No. 42, be denied without prejudice.

IT IS SO RECOMMENDED.

August 2, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**