IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Frost, Jr.,<br>        Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br>Director Bill Byers; Levern Cohen, Warden;<br>Ms. Montouth, I.G.C.; Captain Best; in their<br>individual and official capacity,<br><br>        Defendants. | C/A No.: 5:11-2520-JFA-KDW<br><br><br>ORDER |

   The *pro se* plaintiff, Robert Frost, Jr., brings this action pursuant to 42 U.S.C. § 1983 alleging infringement upon his religious freedom, discrimination, violation of due process, and deprivation of equal protection of the law. The plaintiff is an inmate of the South Carolina Department of Corrections (SCDC).

   The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should deny the defendants' motion for summary judgment[2] without prejudice and with leave to refile so that the defendants may respond to the allegations of plaintiff's amended and original complaint. The Report sets

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation which was filed on August 2, 2011. Both the defendants and the plaintiff filed timely responses to the Report, which the court will address herein.

After plaintiff filed his original complaint, he amended his complaint and the Magistrate Judge ordered the Clerk to append the amended complaint to the original complaint. The defendants filed an answer in which they responded to the complaint and the amended complaint. However, the defendants' amended answer appeared to only address allegations in the original complaint. Thereafter, the defendants filed a motion for summary judgment seeking dismissal of all claims in plaintiff's original complaint, but the claims of the amended complaint were not addressed. Plaintiff argues that the motion for summary judgment should be denied. It also appears that the defendants mistakenly believed that the court had not yet ruled on the plaintiff's motion to amend his complaint, which the Magistrate Judge did order on November 3, 2011.

The Magistrate Judge recommends that the defendants be allowed to refile their motion for summary judgment. Likewise, the Magistrate Judge recommends that the plaintiff's motion for summary judgment be denied without prejudice. The Magistrate Judge also suggests that the parties be ordered to file any further dispositive motions within 30 days of this court's order on the Report and Recommendation.

On March 9, 2012, the Magistrate Judge granted defendants' motion for protective order and stayed all future discovery requests prior to the court's disposition of the defendant's motion for summary judgment. The Magistrate Judge recommends this protection from discovery until she issues a substantive ruling on the defendants' defense of qualified immunity.

In his objections to the Report, the plaintiff contends that he has never received that protective order as he was being transferred to another institution. He asserts that it is unfair to let the defendants "hide behind the shield of qualified immunity to deny access to evidence solely within their control while using that same evidence against plaintiff." He also objects to the failure to rule on his motion for a pretrial conference and appointment of a special master.

The defendants' responded to the Report conceding that their failure to address the amended complaint in their motion for summary judgment was an oversight and requesting permission to file a second amended answer and amended motion for summary judgment. The plaintiff contends that the defendants should not be given another bite of the apple and that such action would be extremely prejudicial to him.

Rule 15 of the Federal Rules of Civil Procedure allows the court to give leave to amend when justice so requires. Because the issues have not been fully briefed, and in the interest of judicial economy, the court agrees with the Magistrate Judge that the defendants, as well as the plaintiff, should be permitted to file an amended motion for summary judgment.

The Fourth Circuit has held that a party seeking to prevent the grant of a motion for summary judgment upon an assertion that more discovery is needed must show specifically what documentation and/or discovery is needed and why it is needed to respond to the motion. *See Nader v. Blair*, 549 F.3d 952, 961–962 (4th Cir. 2008). The undersigned finds no error in Magistrate Judge's granting of the defendants' motion for protection, thus plaintiff's objection is overruled. The Clerk is, however, directed to mail a copy of the protective order to the plaintiff at his current institution.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the defendants' motion for summary judgment is denied without prejudice and with leave to refile within 30 days of this court's order. The plaintiff may also file an amended motion for summary judgment within that time period. The Clerk is directed to return this file to the Magistrate Judge for further handling.

IT IS SO ORDERED.

August 23, 2012                              Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge