UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Frost, Jr., #301382, | ) | C/A No. 5:11-2520-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Dept. of Correction, | ) | |
| Director Bill Byers, Levern Cohen, | ) | |
| Warden, Ms. Montouth, I.G.C., | ) | |
| Captain Best, in their individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Plaintiff's Motion to Strike, ECF No. 116, and Plaintiff's Motion to Move to a County or Federal Facility, ECF No. 118. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Motion to Strike, ECF No. 116**

Pursuant to Rules 6 and 12 of the Federal Rules of Civil Procedure, Plaintiff moves to strike Defendants' Response in Opposition to Plaintiff's Motion to Dismiss and Motion for Default Judgment arguing that Defendants' response is "untimely fraudulent and presented in bad faith." ECF No. 116 at 4. Plaintiff also moves for an "indictment of Ms. Stacy Richardson for perjury." *Id.* Plaintiff alleges that Defendants failed to properly respond to the court's discovery order when they fraudulently contended that Plaintiff did not file a grievance related to

the confiscation of his Quran, when in fact Plaintiff did file such a grievance, which was responded to by South Carolina Department of Correction officials. *Id.* Plaintiff attaches the affidavit of Stacey Richardson and his Inmate Correspondence in support of his Motion to Strike. ECF Nos. 116-1 and 116-2.

In response to these contentions, Defendants argue that their review of Plaintiff's warden's jacket did not reveal the referenced letter concerning the removal of Plaintiff's Quran. ECF No. 119. Defendants aver that, after receiving Plaintiff's Motion to Strike, their counsel performed a subsequent search of Plaintiff's warden's jacket, and determined that documents "arguably responsive" to Plaintiff's discovery requests had already been produced. *Id.* at 1. However, Defendants contend that "in an attempt to be as transparent as possible, all of these documents [in Plaintiff's warden's jacket] (94 pages) have been mailed to [Plaintiff]." *Id.* at 1-2. Defendants also aver that SCDC is not required to keep "every piece of paper to or from an inmate" and it is therefore possible that the documents referenced by Plaintiff in his Motion to Strike "have been lost or destroyed in the six years between the incident he complains of and the present." *Id.* at 2.

In reply to Defendants' response, Plaintiff contends that Defendants have failed to adequately explain why some of Plaintiff's correspondence concerning the confiscated Quran were produced, while the letter referenced by Plaintiff in his Motion to Strike was not produced. ECF No. 123. Plaintiff argues that his Motion to Strike should be granted pursuant to Rule 37 of the Federal Rules of Civil Procedure because the "record show[s] [Defendants'] lack of diligence in pursuing suit and willful refusal to comply with proper orders of court." ECF No. 123 at 3.

A review of Plaintiff's motion reveals Plaintiff's arguments center around Defendants' alleged failure to timely or adequately respond to the court's March 6, 2013 discovery order.

Therefore, his motion is not actually a motion to strike brought pursuant to Federal Rule of Civil Procedure 12(f) which provides, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  Instead, Plaintiff's motion is more appropriately addressed as a motion for sanctions for failure to comply with a court order.

Fed. R. Civ. P. Rule 37(b)(2) governs the imposition of sanctions for failure to comply with a discovery order, stating in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include the following: . . . (iii) Striking pleadings in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(vi).

The court has reviewed the parties' arguments and finds that Defendants have fully complied with this Court's March 6, 2013 Order.  Defendants have indicated that they have produced all the documents contained in Plaintiff's warden's jacket and have adequately explained the failure to produce the correspondence concerning the confiscation of Plaintiff's Quran that is referenced in Plaintiff's Motion to Strike. Accordingly, the court declines to impose sanctions. Plaintiff's Motion to Strike, ECF No. 116, is therefore DENIED.

**Motion to Move to a County or Federal Facility, ECF No. 118**

Plaintiff's Motion asks the court to "move [him] to a county or federal facility as a safety precaution while his case is pending" because he is "being targeted by [South Carolina Department of Corrections] for harassment by means of destructive property and body search." ECF No. 118.  The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d

1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano,* 427 U.S. 215, 223-24 (1976). Accordingly, Plaintiff's Motion to Move to a County or Federal Facility, ECF No. 118, is DENIED.[1]

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion to Strike, ECF No. 116, and Plaintiff's Motion to Move to a County or Federal Facility, ECF No. 118, are DENIED.

IT IS SO ORDERED.

July 19, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

---

[1] The court declines to construe this Motion as a "motion for a restraining order against SCDC and its agents." "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).