IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Frost, Jr., | ) | C/A No.: 5:11-2520-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; Director Bill Byers; Levern Cohen, Warden; Ms. Montouth, I.G.C.; Captain Best, in their individual and official capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Robert Frost, Jr., brings this action pursuant to 42 U.S.C. § 1983 raising claims of infringement upon religious freedom, discrimination, failure to process his grievances, violation of his due process, and violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). During the time period relevant to his complaint, Frost was incarcerated at the Lieber Correctional Institution and the Ridgeland Correctional Institution.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should grant the defendants'

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

amended motion for summary judgment (ECF No. 88).² The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation and the plaintiff filed timely objections thereto. Thus, this matter is ripe for review.

## DISCUSSION

Plaintiff's states that he is Muslim and practices the faith of Islam. His complaint involves allegations that the defendants have violated his constitutional rights associated with practicing Islam. He seeks compensatory and punitive damages, and injunctive relief.

The defendants assert that as to the plaintiff's claim regarding the number of Shia Imams at SCDC institutions, that the plaintiff has not exhausted his administrative remedies under the Prison Litigation Reform Act. According to the affidavit of SCDC Inmate Grievance Administrator Angela Hardin, she has reviewed the 127 grievances filed by the plaintiff and he has not filed a grievance regarding the number of Imams or their ability to cater to the Shia Muslim community within the SCDC. As the plaintiff has failed to offer any opposition to the defendant's assertion, the Magistrate Judge recommends summary judgment for the defendants on this claim.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

The defendants also assert that they are entitled to summary judgment on the plaintiff's RLUIPA claim because the RLUIPA does not permit money damage claims against individuals.  The Magistrate Judge recommends summary judgment on this claim because the plaintiff has only sought monetary damages for the alleged violations of RLUIPA.  The Magistrate Judge further recommends that the plaintiff's claims against the defendants in their official capacities should be dismissed as a matter of law as the defendants are immune from suit under the Eleventh Amendment.

The Magistrate Judge next suggests that the defendants are entitled to qualified immunity in their individual capacities under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). As to defendant Byers, the Magistrate Judge notes that the plaintiff has failed to provide any facts to indicate personal involvement by him in the plaintiff's freedom of religion or grievance claims.  Moreover, the doctrine of vicarious liability is inapplicable in §1983 suits and the plaintiff has failed to state a cognizable claim against defendant Byers in his individual or supervisory capacity.

With regard to the plaintiff's claims regarding the Quran, the Magistrate Judge suggests that these claims should be dismissed because the complaint is directed only toward the SCDC and the SCDC is entitled to sovereign immunity on plaintiff's § 1983 claims.  In addition, the plaintiff's claims regarding the confiscation of the Quran occurred while he was at Lieber Correctional Institution (LCI) and the plaintiff does not name any individual defendants from LCI in this action.

The Magistrate Judge opines that defendants have demonstrated that prohibiting Muslim inmates from using empty cells to perform their daily prayers and requiring inmates to arrive at a certain time to attend the Jumu'ah service are related to legitimate penological interests.  Moreover, the defendants have set forth specific security concerns relating to unscheduled gatherings and uncontrolled movements of inmates.  Plaintiff has failed to set forth any evidence that he has otherwise been prevented from practicing his religion, thus the Magistrate Judge recommends summary judgment on this claim.

With regard to the plaintiff's claim that defendant Montouth failed to process his grievance, the Magistrate notes that inmates do not have a constitutionally protected right to a grievance procedure within the prison system.  Therefore, even if defendant Montouth acted improperly, such action does not give rise to a civil cause of action under § 1983.

The Magistrate Judge next suggests that plaintiff's motion to dismiss the defendants' amended motion for summary judgment should be denied, finding that the defendants have responded to discovery and produced all documents responsive to plaintiff's discovery requests.  Accordingly, the Magistrate Judge finds that defendants did not act in bad faith and Rule 37 sanctions are not appropriate.

In his objection memorandum, the plaintiff takes issue with some, but not all, of the legal authorities cited above and relied upon by the Magistrate Judge in recommending summary judgment for the defendants.  The court has conducted the

required *de novo* review and finds no basis for disturbing the Magistrate Judge's recommended disposition.

In his objections to the Report, the plaintiff also contends that the Magistrate Judge failed to mention the plaintiff's claim of an Eighth Amendment violation. Although the Magistrate Judge may not have made specific reference to the Eighth Amendment claim, this court finds that any such claim lacks merit. Even if true, plaintiff's alleged violations would not give rise to a claim for cruel and unusual punishment under the Eighth Amendment to the United States Constitution. As such, the objections are all overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 88) is hereby granted and this action is dismissed with prejudice. The plaintiff's motion to dismiss and for default judgment (ECF No. 114) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 12, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge